IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-651-SMY |
| | ) |
| GENERAL MEDICINE, P.C., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' DISPUTED MOTION TO COMPEL
PURSUANT TO FRCP 37**

Defendants respectfully move this Court pursuant to FRCP 37 to resolve the following discovery dispute regarding the relevant time-period for discovery and relevant evidence in favor of Defendants. The undersigned certifies that movants have made a good faith effort to resolve this dispute without Court action by conferring with opposing counsel both in writing and in-person discussion. Following that discussion, both Plaintiff and Defendants agreed the dispute is appropriate for resolution by the Court.

**The Issues Presented**

The original False Claims Complaint was filed by Plaintiff, United States of America, on March 30, 2022. [Doc. 1] The statute of limitations for a false claims action is six years. That six-year period began on March 30, 2016. In its discovery requests Plaintiff has defined the "relevant time-period" as beginning on January 1, 2016, three months before the date defined by the statute of limitations. In response to various discovery requests by Defendants, including a Rule 30(b)(6) notice of deposition, Plaintiff has taken the position that evidence of certain events that occurred prior to its self-defined "relevant time-period" are not relevant and not subject to discovery or to a 30(b)(6) deposition. Specifically, Plaintiff has raised a relevance objection to the 2003-2009 *qui*

*tam* investigation and litigation (asserting these occurred before any alleged false claims in this case were presented), the 2009-2014 Corporate Integrity Agreement, and the 2011 OIG Site Visit.

Defendants' position, as explained in detail below, is evidence of various events occurring prior to January 1, 2016, are necessary for a complete understanding of actions taken by Defendants during the period after January 1, 2016, and are therefore relevant to the issue of Defendants' knowledge and materiality.

### Legal Standard

"In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies. Rule 26 governs the scope of civil discovery and allows parties to obtain discovery regarding any matter that is: (1) nonprivileged; (2) relevant to any party's claim or defense; and (3) proportional to the needs of the case. In determining the scope of discovery under Rule 26, relevance is construed broadly and is not limited to issues raised by the pleadings." *Hoerchler v. Equifax Info. Servs., LLC*, 568 F. Supp. 3d 931, 934-35 (N.D. Ill. 2021) (cleaned up).

"Information within this scope of discovery need not be admissible in evidence to be discoverable. Rule 26 vests th[e] Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Pegues v. Coe*, 2017 WL 4922198 at* 1 (S.D. Ill. Oct. 31, 2017) (cleaned up).

For the foregoing reasons and those set forth in the accompanying brief, Defendants ask the Court to rule that events occurring prior to January 1, 2016, are relevant for discovery and evidentiary purposes.

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By:   /s/ A. Courtney Cox
A. Courtney Cox
1405 West Main Street
Carbondale, IL 62901
618-351-7200
618-351-7604 (Fax)
Email:  ccox@sandbergphoenix.com

CLARK HILL PLC

David F. Hansma
*pro hac vice*
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI 48009
(248) 988-5877
(248) 530-9173 (Fax)
Email: dhansma@clarkhill.com
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023, this document was filed with the Clerk of the Court using the Court's CM/ECF system, causing automated delivery of the document to counsel of record in this action:

Nathan E. Wyatt
Laura J. Barke
Assistant United States Attorneys
9 Executive Drive
Fairview Heights, IL 62280
nathan.wyatt@usdoj.gov
laura.barke@usdoj.gov

/s/ A. Courtney Cox