# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-651-SMY |
| | ) |
| GENERAL MEDICINE, P.C., | ) |
| GENERAL MEDICINE OF ILLINOIS | ) |
| PHYSICIANS, P.C., GENERAL | ) |
| MEDICINE OF NORTH CAROLINA, | ) |
| P.C., ADVANCED MEDICAL | ) |
| HAGGERTY PARTNERS, P.A., | ) |
| BOROUGH MEDICAL PARTNERS, | ) |
| P.A., CENTRO MEDICAL PARTNERS, | ) |
| P.A., CITY MEDICAL PARTNERS, P.A., | ) |
| INTEGRATED MEDICAL PARTNERS, | ) |
| P.A., METRO MEDICAL HAGGERTY | ) |
| PARTNERS, P.A., METROPOLIS | ) |
| MEDICAL PARTNERS, P.A., | ) |
| NATIONAL MEDICAL PARTNERS, | ) |
| P.A., NEW CASTLE HAGGERTY | ) |
| MEDICAL PARTNERS, P.A., | ) |
| REGIONAL MEDICAL PARTNERS, | ) |
| P.A., SIGMA HAGGERTY MEDICAL, | ) |
| P.A., SILVERTON MEDICAL | ) |
| PARTNERS, P.A., STATEWIDE | ) |
| MEDICAL PARTNERS, P.A., | ) |
| VICINITY MEDICAL PARTNERS, P.A., | ) |
| WESTCO HAGGERTY MEDICAL | ) |
| PARTNERS, P.A., and | ) |
| THOMAS M. PROSE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

The United States of America brings this action under the False Claims Act, 31 U.S.C. § 3729, *et seq*. ("FCA"), and common law theories of fraud, payment by mistake, and unjust enrichment against General Medicine, P.C.; General Medicine of Illinois Physicians, P.C.; General

Medicine of North Carolina, P.C.; Advanced Medical Haggerty Partners, P.A.; Borough Medical Partners, P.A.; Centro Medical Partners, P.A; City Medical Partners, P.A.; Integrated Medical Partners, P.A.; Metro Medical Haggerty Partners, P.A.; Metropolis Medical Partners, P.A.; National Medical Partners, P.A.; New Castle Haggerty Medical Partners, P.A.; Regional Medical Partners, P.A.; Sigma Haggerty Medical, P.A.; Silverton Medical Partners, P.A.; Statewide Medical Partners, P.A.; Vicinity Medical Partners, P.A.; Westco Haggerty Medical Partners, P.A.; and Thomas M. Prose (collectively, "GM"). The Government alleges that GM engaged in a wide-ranging health care fraud scheme involving billing Medicare for thousands of false claims to the Medicare Program for visits with residents of nursing and assisted living facilities in multiple states.

This matter is now before the Court on GM's Motion for Summary Judgment (Doc. 33) and Motion to Strike (Doc. 36), which the Government opposes (Docs. 38, 44). For the following reasons, the motions are **DENIED**.[1]

## Motion for Summary Judgment (Doc. 33)

### Background

Medicare is a federally funded health care program for individuals over the age of 65 and people with certain disabilities. *See* 42 U.S.C. § 1395k. The program is administered by the Centers for Medicare and Medicaid Services ("CMS"), a component of the United States Department of Health and Human Services. Medicare pays "claims," which are requests by a health care provider to be "reimbursed" (paid) for services provided to Medicare recipients. *See United States v. Moss*, 34 F.4th 1176, 1181–82 (11th Cir. 2022).

---

[1] GM also moves for oral argument on the motions, asserting that the Amended Complaint and motions involve a specialized area of medical care which the Court may need clarification or further information (Doc. 37). The briefing does not present issues or information that is complex or requires clarification or additional information. Therefore, the motion is **DENIED**.

A claim includes various information, including where the medical service was provided, the dollar amount being billed to Medicare, and an identification number for the health care provider.  *Id.*  It also contains a code for the procedure or service performed and the level of complexity involved.  *Id.*  These codes are called the "CPT codes," which stands for Current Procedural Terminology codes.  *Id.*  CPT codes are a national uniform coding structure created for use in billing and overseen by the American Medical Association.  *Id.*  CPT codes are used by all health insurance companies and by Medicare.  *Id.*

Medicare will reimburse a claim if the service is reasonable and medically necessary.  The amount that Medicare reimburses is based on a predetermined fee schedule set by Medicare.  Medicare explicitly excludes coverage for "routine physical checkups such as ... [e]xaminations performed for a purpose other than treatment or diagnosis of a specific illness, symptoms, complaint, or injury," unless the service was one of several specialized tests and exams specifically allowed.  42 C.F.R. § 411.15(a).

GM employs physicians and nurse practitioners that provide care exclusively for patients in nursing homes, skilled nursing, rehabilitation, assisted living, and other long-term care facilities.  GM's sole shareholder and officer is Defendant Thomas M. Prose.

The Government alleges that most of the patient visits GM billed to Medicare were not medically necessary.  Specifically, according to the Government, GM established visits that it claimed were required by Medicare regulations or guidance when they were not including care plan reviews ("CPRs"), monthly medication reconciliations/reviews ("MMRs", physician quality reporting system visits ("PQRS"), and regulatory visits ("PHQ-9" visits).  The alleged false claims fall into three categories: (1) services not rendered; (2) medically unnecessary services; and (3)

"upcoded" claims for services that did not meet the requirements of the billing codes submitted to the Government.

GM asserts that it has been under Government scrutiny for more than 20 years, has sought and obtained Government approval for services, established policies on CMS regulatory guidance, has been through thousands of Government audits, and has received hundreds of approvals from ALJs over the years. GM argues that based on this history, the Government knew and approved of GM's services and cannot establish falsity or scienter under the FCA, and as such, they are entitled to judgment as a matter of law.

## Discussion

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the nonmoving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008).

The court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir.1994). It cannot weigh evidence or make credibility determinations because those tasks are left to the factfinder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.

The FCA imposes liability on any person who (1) "knowingly presents, or causes to be presented, to the United States Government a false or fraudulent claim for payment or approval" or (2) "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. §§ 3729(a)(1)(A), (B). "If the government knows and approves of the particulars of a claim for payment before that claim is presented, the presenter cannot be said to have knowingly presented a fraudulent or false claim." *United States ex rel. Durcholz v. FKW, Inc.*, 189 F.3d 542, 545 (7th Cir. 1999). Cases in which the Government's knowledge negates the defendant's scienter usually involve situations in which the Government was actively working with the party who submitted the false claim and approving or directing the submission of false claims. *See, eg, U.S. ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1019-20 (7th Cir. 1999). While the Government's knowledge of the falsity of claims allows for an inference against a defendant's scienter, it does not automatically preclude a finding of scienter. *U.S. ex rel. Burlbaw v. Orenduff,* 548 F.3d 931, 952 (10th Cir. 2008).

Here, without having answered the allegations in the Amended Complaint or conducting discovery, GM asserts that it is entitled to judgment as a matter of law. After reviewing the voluminous pages of briefing, the Court has come to the obvious conclusion that summary judgment is unsubstantiated at this juncture.[2] That briefing reveals not only the existence of disputed material facts, but also a degree of misapprehension regarding the issues that require resolution in this lawsuit.

GM argues that based on the undisputed facts (1) the Government has known and approved of the performance of CPR and MMRs for years and (2) the Government cannot meet its burden

---

[2] GM's Motion for Summary Judgment (Doc. 33), Memorandum in Support (Doc. 34), and supporting exhibits (Docs. 34-1 to 34-49, Doc. 35) totals 1,236 pages. The Government's Response (Doc. 44) and supporting exhibits (Docs. 45 to 53) totals 1,458 pages.

of proving falsity or scienter. GM formulates the "undisputed facts" from a hodgepodge of documents including correspondence from over twenty years ago between Prose and a predecessor agency to CMS, a 2003 qui tam lawsuit and settlement agreement, reports referencing yearly audits of GM claims, and several ALJ decisions.[3] The Government argues these documents do not establish that the it ever affirmatively sanctioned GM's practices with full knowledge of the particulars of its policies and the conduct of its clinicians. It further argues it is not alleging that the mere performance of CPRs and MMRs is *per se* illegal, but rather that the claims were false because GM sought payment for services not rendered, services that did not meet the requirements of the billing codes, or services that were not medically necessary as certified in each claim.

At this early stage, the record simply does not establish as a matter of law that the Government approved or directed GM to submit the alleged false claims at issue. Accordingly, GM's motion is **DENIED**.

### Motion to Strike (Doc. 36)

GM moves to strike the Government's allegations in paragraphs 101, 106-109, 111-114, 146, 167, 221, 222, 225, 228, 249, 251, 255, 260, 264, 373, 378, 379, 383, 389, 390, 395, 396, 408 of the Amended Complaint on the basis that these allegations are not material to the Government's decision to pay a claim. Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored as they potentially serve only to delay the proceedings

---

[3] As far as the Court can discern, GM has failed to authenticate these documents with affidavits or otherwise. *See Scott v. Edinburg,* 346 F.3d 752, 759-60 & n. 7 (7th Cir. 2003) (collecting cases). Generally, a court cannot consider unauthenticated documents on a motion for summary judgment. *Woods v. City of Chicago,* 234 F.3d 979 (7th Cir. 2000). "[T]he purpose of summary judgment is to determine whether there is any genuine issue of material fact in dispute and, if not, to render judgment in accordance with the law as applied to the established facts. The facts must be established through one of the vehicles designed to ensure reliability and veracity – depositions, answers to interrogatories, admissions, and affidavits." *Martz v. Union Labor Life Insurance Co.,* 757 F.2d 135, 138 (7th Cir.1985). The lack of authentication alone is fatal to GM's efforts for judgment as a matter of law.

and are rarely granted. *See Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). To succeed on such a motion, "the movant must show that the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997) (internal quotation marks omitted).

An FCA violation includes four elements: falsity, causation, knowledge, and materiality. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, ––– U.S. –––, 136 S.Ct. 1989, 1996 (2016). In the Amended Complaint, the Government alleges that GM submitted false claims to Medicare for visits with residents in nursing facilities and assisted living facilities. These visits were considered evaluation and management ("E/M") services in the CMS Physician Fee Schedule and billed to Medicare using CPT codes.

GM argues that the Government based its decision to pay E/M services submitted by GM on the content of the service, not on the time spent performing the service and that the allegations in the 29 challenged paragraphs are immaterial to the Government's payment decision, cannot support a fraud claim, and should therefore be stricken. More specifically, GM asserts that none of the claims referenced in the Amended Complaint involve counseling or coordination of care and clinicians were not required to report the amount of time spent.

The Medicare Claims Processing Manual explicitly states that the time spent by the provider is an "ancillary factor" in selecting the appropriate billing code:

> Instruct physicians to select the code for the service based on the content of the service. The duration of the visit is an ancillary factor and does not control the level of the service to be billed unless more than 50% of the face-to-face visit (for non-inpatient services) or more than 50% of the floor time (for inpatient services) is spent providing counseling or coordination of care…"

*See* Doc. 36-1 at 2.

Although the time spent to complete the service does not control the billing code selection unless most of the visit is spent providing counseling or coordination of care, it is a factor that can be considered when determining the appropriate CPT code.

      Here, the Government alleges that GM knew the time spent on patient visits was a relevant factor and deliberately took actions to make it appear their services took a significant amount of time to complete. The Government further alleges the time spent by GM for certain visits could not have satisfied the requirements of the CPT codes billed. The allegations in the 29 paragraphs are relevant to the Government's allegations that GM billed for services that were not performed and services that did not meet billing code requirements. Accordingly, the motion is **DENIED**.

      **IT IS SO ORDERED.**

      **DATED:  September 25, 2023**

      **STACI M. YANDLE**
      **United States District Judge**