IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 22-cv-651-SMY-RJD |
| | ) |
| GENERAL MEDICINE, P.C., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion to Compel (Docs. 72 and 73) that was referred to the undersigned by District Judge Yandle, pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). The Government responded (Doc. 77) and the undersigned held a hearing (Doc. 80). As explained further, Defendants' Motion is DENIED.

Defendant Thomas M. Prose is the sole shareholder and officer of Defendant General Medicine, P.C., an entity that employs physicians and nurse practitioners who provide care to patients at long-term care and rehabilitation facilities. Doc. 74, p. 3. The remaining 17 Defendants are all entities that are/were owned and operated by Dr. Prose and are/were affiliated with General Medicine, P.C. Doc. 1, p. 5-9.[1] The Government alleges that Defendants violated the False Claims Act, 31 U.S.C. §3729(b) and also pursues claims against Defendants under state law for unjust enrichment, common law fraud, payment by mistake, and others. The Government

---

[1] The Government contends that the remaining 17 Defendants were shell entities for General Medicine, P.C. Doc. 1, p. 10.

alleges that from 2016-2021, Defendants billed for patient visits that never occurred, were not medically necessary or reasonable, or were upcoded (the services provided did not meet the requirements for the billing code submitted to Medicare).  Doc. 1, pp. 25, 68-85.

In their motion, Defendants asks the Court to find that "events occurring prior to 2016 are relevant for discovery and evidentiary purposes."  Doc. 73.  At the hearing on Defendants' Motion to Compel, their counsel explained that starting in 1996, Dr. Prose sought advice from the government regarding billing practices.  Then, in 2003, a nursing home owner filed a qui tam complaint under the False Claims Act against General Medicine, P.C. and Dr. Prose; this matter was settled in 2009.  As part of their settlement agreement, General Medicine and Dr. Prose entered into a Corporate Integrity Agreement ("CIA") with HHS-OIG (Office of Inspector General, Department of Health and Human Services).  Defendants agreed to submit annual reports to HHS-OIG and have outside reviews performed.  The Government also received a hotline tip regarding Defendants' billing practices in 2011.  Through their interactions with the Government in these investigations,  Defendants contend that their billing practices for care plan reviews ("CPRs") and monthly medication reconciliation/reviews ("MMRs") were approved. Most of the examples of FCA violations listed in the Government's Complaint involve improper billing for MMRs and CPRs.  *Id*.  Therefore, Defendants contend, they must be allowed to conduct discovery regarding events and communication that occurred from 1996-2016.

The Government acknowledged during the hearing that some events that occurred prior to 2016 are relevant, but that Defendants' discovery requests are too broad and the Government has already produced more than 400,000 documents in discovery.  In their Motion, Defendants did not refer to any particular discovery requests, but have since submitted the Government's Objections (and some answers/responses) to 35 Interrogatories, 99 Requests for Production, and

35 topics for a Rule 30(b)(6) deposition.

The Court understands Defendants' arguments and agrees that information regarding Government approval of Defendants' practices regarding CPRs and MMRs is relevant and likely discoverable. As a practical matter, however, the undersigned cannot grant Defendants' requested relief, which is to issue a blanket ruling that events occurring prior to January 1, 2016 are relevant. However, upon reviewing Defendants' specific discovery requests and corresponding communications with the Government, the Court finds two Requests for Production that are pertinent to the issues raised in Defendants' Motion:

> **93.     All documents and communications related to the prior investigation and qui tam case filed against General Medicine, the settlement of that case, and the subsequent Corporate Integrity Agreement.**
>
> **94.     All documents related to the OIG site visit regarding General Medicine.**

Defendants' proposed Rule 30(b)(6) deposition notice includes the following topic:

> **34**.     **The prior qui tam and CIA involving General Medicine.**

The Government's response to Defendants' Motion references Requests 93 and 94, and correspondence between counsel regarding these issues reflects that the Government expected Defendants to file a Motion to Compel regarding Topic #34. Consequently, even though Defendants' Motion does not explicitly refer to a particular discovery request, it seems clear that the parties have reached an impasse regarding whether the Government must produce discovery related to the qui tam and OIG site visit, and both parties contemplate the Court resolving this issue as it pertains to Requests 93 and 94 and Topic 34.

In its Response to Defendants' Motion to Compel, the Government explains that it objected to Request #93 on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Court agrees that Request #93 is overbroad. The qui tam suit spanned six

years and covered issues not involved in this suit. The Court understands Defendants' argument- that to the extent Defendants' CPRs and MMRs were reviewed by the Government prior/during the qui tam, and the Government approved of their CPR and MMR practices (either implicitly or explicitly) that are now the subject of the current suit, then Defendants are entitled to that evidence to show they did not "knowingly" submit false or fraudulent claims to the Government. 31 U.S.C. §§ 3729(a)(1)(A), (B). Regardless, a request for "all documents and investigation" related to a six-year lawsuit involving issues not relevant to this case is overbroad and the Court declines to rewrite Defendants' request for them. If Defendants received some type of approval for their CPRs and MMRs during or after the qui tam, then Defendants are in a much better position than the Court to narrow that request (e.g., to a specific event within the lawsuit). Similarly, Defendants should narrow topic #34 of the Rule 30(b)6) notice regarding the Government's "prior qui tam and CIA involving General Medicine."

Defendants' Request #94 for all documents "related to the OIG site visit regarding General Medicine" pertains to a specific event and much shorter time period (less than a year). The Government produced a report by the OIG regarding the visit but otherwise objects that this Request is overbroad and seeks irrelevant information, contending that the purpose of the OIG site visit was not related to CPRs and MMRs. Defendants do not contend otherwise regarding the purpose of the visit. To the extent that Defendants' practices regarding CPRs and MMRs *became* an issue during that visit and the OIG ultimately approved of those practices during the visit, Defendants are in the best position to narrow Request #94 to elicit documents that are potentially relevant to this case.

## Conclusion

While events that occurred prior to 2016 may ultimately be relevant in this matter, Defendants have (thus far) failed to draft a reasonable, specific discovery request regarding the qui tam action and 2011 site visit.   Defendants' Motion to Compel (Doc. 72) is DENIED.

**IT IS SO ORDERED.**

**DATED:   November 8, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**