IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-651-SMY-RJD |
| | ) | |
| GENERAL MEDICINE, P.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' "Motion to Quash a Portion of the Subpoena directed to Neil Kahn, P.C." (Doc. 120) that was referred to the undersigned by District Judge Yandle, pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). Doc. 121. The Government responded and Defendants filed a Reply. (Docs. 125 and 126). The Court held a hearing on February 25, 2025. As explained further, Defendants' Motion is DENIED.

Defendant Thomas M. Prose is the sole shareholder and officer of Defendant General Medicine, P.C., ("GM"), an entity that employed physicians and nurse practitioners to perform patient visits in nursing homes and assisted living facilities. Doc. 86, ¶¶7, 30, 37, 58. The Government alleges that the remaining Defendants are shell entities of GM, along with the following non-parties:

General Medicine Management Services, Inc.
The Post Hospitalist Company, P.C.
General Medicine P.C., Inc.
General Medicine of Illinois Nurse Practitioners, P.C.

>General Medicine of Kansas, P.A.
>General Medicine of Kansas City, P.C.
>General Medicine of Louisiana Nurse Practitioners, P.C.
>General Medicine of Louisiana Physicians, P.C.
>General Medicine of Michigan Nurse Practitioners, P.C.
>General Medicine of Michigan, P.C.
>General Medicine of Michigan Physicians, P.C.
>General Medicine of Missouri Nurse Practitioners, P.C.
>General Medicine of Missouri Physicians, P.C.
>General Medicine of North Carolina, P.C.
>General Medicine of Ohio Nurse Practitioners, P.C.
>General Medicine of Oklahoma Physicians East, P.C.
>General Medicine of Oklahoma Physicians West, P.C.
>General Medicine of Virginia Nurse Practitioners, P.C.
>General Medicine of Virginia Physicians, P.C.

*Id.*, ¶¶28, 29.

The Government alleges that as early as 2013, GM clinicians performed most of their patient visits based on GM's profit driven policies, regardless of whether the patients' medical conditions necessitated visits. *Id.*, ¶115. In 2015, a Medicare contractor placed General Medicine, P.C. on a prepayment review of certain claims because of the high rates of billing errors in previous audits. *Id.*, ¶324. The Government alleges that Dr. Prose created the Defendant shell entities in 2016 to reduce the number of claims billed by General Medicine, P.C. and, consequently, the number of Medicare audits. *Id.*, ¶396. The Government further alleges that Defendants and the non-party shell entities agreed to work together to execute a health care fraud scheme. *Id.*, ¶¶27-30. The named Defendants submitted to Medicare inflated claims for patient visits, seeking reimbursement rates for services that did not meet the requirements for those rates. *Id.*, ¶117. The non-defendant shell entities did not submit claims to Medicare, but were used to "commingle[] funds, business transactions, functions, property, employees, records, and corporate names." *Id.*, ¶¶27, 41. The Government alleges that Defendants violated the False Claims Act and pursues multiple state law claims against Defendants, including common law fraud and

unjust enrichment.

On December 20, 2024, the Government served a subpoena upon Neil S. Kahn, P.C. Mr. Kahn is an accountant who purportedly holds records for the shell entities, both Defendants and non-parties. The subpoena seeks records from 33 entities. Seventeen of those entities are defendants; the remaining 16 are all non-party entities who are listed previously in the Order and identified in the Government's Second Amended Complaint as entities working with Defendants to execute their alleged health care scheme (i.e., non-party "shell entities").

Defendants move to quash the subpoena as it pertains to the non-parties, contending that gathering and producing the requested information and documents will be unduly burdensome for Dr. Prose, who will have to pay Mr. Kahn to comply with the subpoena. Defendants argue that the non-parties' records are irrelevant. The Government points to its allegations that the Defendants were commingling funds with the non-party shell entities and provides documentary evidence of the commingling. See, e.g., Doc. 125-1. The Government contends that records responsive to the subpoena will show where the money went that resulted from the fraudulent Medicare claims and how Defendants were unjustly enriched.

At the hearing, Defendants argued that the Government is seeking $26,000,000 in damages in this case and knows the non-party entities are all defunct and that the only Defendant who is solvent and can pay any part of a judgment entered against the Defendants is Dr. Prose. This argument seems to support the Government's position; if the records received from the subpoena show that allegedly fraudulent claims resulted in a transfer of money from Medicare to one of the Defendant shell entities, and then to a non-party shell-entity, and then to Dr. Prose, that evidence is relevant to the Government's unjust enrichment claim and also supports the allegations that Defendants were engaged in a scheme to defraud Medicare.

Permissible discovery must be relevant to a party's claim or defense and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy…the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Defendants bear the burden of establishing that Neil Kahn's burden and expense (charged to Dr. Prose) to comply with the subpoena outweighs the likely benefit of the information sought by the subpoena.  Other than asserting that the expense to Dr. Prose will be great, Defendants provide no basis for the Court to make such a finding, especially in comparison to the purported $26,000,000 that Defendants claim is at stake in this litigation.

Accordingly, Defendant's Motion is DENIED.  Although titled a Motion to Quash, Defendants' Motion is for a Protective Order, as they are asserting that the subpoena would be unreasonably burdensome to Defendant Dr. Prose; Defendants' Motion is not made on behalf of their accountant.  *Cf.* Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 45(d).  Accordingly, the Court orders that Neil Kahn, P.C. comply with the subpoena pursuant to Federal Rule of Civil Procedure 26(c)(2).  The Government asked the Court to consider whether the subpoena is prohibited by the accountant/client privilege.  Doc. 125, pp. 6-8.  The Court is satisfied that the case law cited by the Government reflects that no such privilege is applicable to this case.  *See U.S. v. Frederick*, 182 F.3d 496, 499 (7th Cir. 1999).

**IT IS SO ORDERED.**

**DATED:   March 3, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**