**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-651-SMY |
| | ) | |
| GENERAL MEDICINE, P.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

The United States of America brings this action under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"), and common law theories of fraud, payment by mistake, and unjust enrichment against the Defendants (collectively, "GM"). The Government alleges GM engaged in a wide-ranging health care fraud involving billing Medicare for thousands of false claims to the Medicare Program for visits with residents of nursing and assisted living facilities in multiple states.

GM retained Jonathan Evans, M.D., M.P.H. to rebut the opinions offered by Government experts Charles Crecelius, M.D. and Richard Baer, M.D. On February 11, 2026, the Court granted the Government's motion to exclude Dr. Evans pursuant to Rule 37(c) because of his failure to disclose a complete list of cases in which he has testified in the last four years. Now before the Court is GM's motion for reconsideration (Doc. 183), which the Government opposes (Doc. 184).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). Motions for reconsideration are not appropriate

vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir. 2007).

GM moves for reconsideration relying on a declaration from Dr. Evans dated April 9, 2026, in which he attests that he made attempts to comply with the disclosure requirements prior to his deposition (Doc. 183-1). Specifically, Dr. Evans asserts that he took his old computer to a repair shop for help before his deposition and had contacted law firms and attorneys he had worked with to ask about his prior cases. However, the declaration contradicts Dr. Evans' May 2025 deposition testimony in which he stated he could attempt to obtain technical assistance to recover the materials on his computer and could contact most of the attorneys he had worked with *after the deposition*. Moreover, although GM was aware of the deficiencies in May 2025, they took no steps to obtain the missing information until after the Court granted the Government's motion to exclude Dr. Evans in February 2026.

GM has not established that the failure to timely disclose and supplement the required expert witness material was substantially justified or that it was harmless. To allow GM to disclose new information long after discovery has closed and dispositive motions have been resolved would be significantly prejudicial to the Government.

In sum, GM fails to identify any newly discovered evidence or a manifest error of law or fact committed by the Court. Accordingly, the Motion for Reconsideration (Doc. 183) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 1, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**