**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-651-SMY** |
| | ) | |
| **GENERAL MEDICINE, P.C., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Pending before the Court is the United States of America's Unopposed Motion to Transfer Location of Trial (Doc. 193). The Government requests that the Court transfer this case from the United States District Court for the Southern District of Illinois courthouse located in Benton, Illinois, to the courthouse located in East St. Louis, Illinois. It asserts the convenience of the parties and witnesses, and the interests of justice support the transfer.

Pursuant to 28 U.S.C. § 1404(c), a "district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c); *Grossman v. Smart,* 73 F.3d 364 (7th Cir. 1995) (Where a district lacks statutory divisions, courts have discretion under § 1404(c) to select any designated location within the district as the place of trial). Some courts have applied the factors relevant to motions to change venue under 28 U.S.C. § 1404(a) when considering motions under § 1404(c). *See Grossman,* No. 95-1178, 1995 WL 767893, at *1. This Court will do so as well.

Section 1404(a) directs the court to consider two factors regarding a transfer of venue: (1) whether transfer will serve the convenience of the parties and witnesses; and (2) whether transfer will promote the interest of justice. The moving party has the burden of showing that transfer is appropriate. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

The Government points out that most of the potential witnesses reside in either the Metro East or outside the district and none of the defendants or counsel of record are in the Benton area, and that therefore, travel to East St. Louis for trial is likely to have less of an impact on witness schedules than if they had to travel to Benton. However, given the 90-minute drive by interstate between the two courthouses, convenience of the parties, counsel, and witnesses is not in and of itself sufficient to justify the requested transfer. *See Goldman v. Graber Post Buildings, Inc.*, No. 07-cv-041-DRH, 2007 WL 5909901, at *1 (S.D. Ill. May 10, 2007) (a movant seeking intra-district transfer would only be able to meet its burden in the most extreme of circumstances since only 97 miles of interstate separate East St. Louis and Benton). The Court must also weigh the public's interest in conserving scarce judicial resources by "efficient administration of the court system." *Coffey,* 796 F.2d at 220–21.

Here, it is more efficient for the undersigned to hold the trial in the Benton courthouse where chambers staff is located. Moving the trial to the East St. Louis courthouse would place a substantial burden on the Court's resources. It would require court personnel to travel to the East St. Louis metropolitan area, resulting in the expenditure of significant costs for hotel stays, mileage, and other fees during the expected six weeks of trial.

The Court has inherent power to manage itself, its resources, and its caseload as it deems appropriate. This matter has been assigned to be heard by the undersigned at the courthouse in Benton, Illinois, and the Court finds no compelling reason to relocate the trial to East St. Louis. Accordingly, the Unopposed Motion to Transfer Location of Trial is **DENIED.**

**IT IS SO ORDERED.**

**DATED: September 4, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**